**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| Robin Stephen Rea<br>4877 Elmont Place<br>Groveport, Ohio 43125 | CASE NUMBER:  2:19-cv-107<br><br>JUDGE: Algenon L. Marbley |
| Plaintiff, | |
| v. | **JURY DEMAND ENDORSED HEREIN** |
| LoanCare, LLC<br>c/o CT Corporation System<br>4400 Easton Commons Way,<br>Suite 125,<br>Columbus, Ohio 43219 | |
| Defendant. | |

**PLAINTIFF ROBIN REA'S FIRST AMENDED COMPLAINT FOR MONEY DAMAGES**

The following allegations are based upon Robin Rea's ("Mr. Rea")'s personal knowledge, the investigation of counsel, and information and belief. Mr. Rea, through counsel, alleges as follows:

## I. INTRODUCTION

1. LoanCare, LLC ("Defendant") has repeatedly and falsely accused Robin Rea ("Mr. Rea") of being delinquent on his mortgage payments and maintains that Mr. Rea is two months behind on his mortgage payments. However, Mr. Rea has made all required mortgage payments and has repeatedly informed Defendant of its mistake. Defendant began accusing him of a two-month delinquency on November 17, 2017. On February 21, 2018, after repeated oral communications, Mr. Rea sent a notice of error and request

1

EXHIBIT 1

for information to Defendant, explaining in writing Defendant's mistake and asking Defendant to correct it. However, after asking for multiple extensions of time to respond to the request, Defendant failed to ever correct the account or provide Mr. Rea with a response. Worse, Defendant continues to send Mr. Rea notices of delinquency, attempting to collect on the alleged missed mortgage payments.

## II. PRELIMINARY STATEMENT

2.  Mr. Rea institutes this action for actual damages, statutory damages, attorney fees, and the costs of this action against LoanCare, LLC. ("Defendant"), for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, (hereinafter "RESPA") and violations of Regulation X, 12 C.F.R. § 1024.1 *et seq*., and for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq., (hereinafter "FDCPA"). Defendant's violations of the FDCPA and the RESPA also constitute violations of Ohio's Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, *et seq.* (hereinafter "CSPA").

## III. JURISDICTION

3.  This Court has subject matter jurisdiction for Count One pursuant to the RESPA, 12 U.S.C. 2614.

4.  This Court has subject matter jurisdiction for Count Two pursuant to the FDCPA, 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331 and 1337.

5.  This Court has subject matter jurisdiction for Count Three pursuant to 28 U.S.C. § 1367.

6.  This Court has personal jurisdiction over Defendant pursuant to Fed.R.Civ.P. 4(k).

7. The Court has personal jurisdiction over Defendant because it conducts substantial business in this District, and this lawsuit arises out of acts that occurred in this District. *International Shoe v. Washington*, 326 U.S. 310 (1945).

8. Venue is proper in accordance with 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the property is located in this judicial district.

## IV. PARTIES

9. Mr. Rea is a natural person currently residing within this Court's jurisdiction at 4877 Elmont Place, Groveport, Ohio 43215.

10. Defendant is a servicer for Mid America Mortgage, Inc., who is the alleged holder of the Note and Mortgage, which are the subject of this lawsuit.

11. Defendant exists under the laws of the United States and has its principal place of business in Virginia Beach, Virginia.

12. Defendant is and was subject to the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et. seq., ("RESPA"), at all times relevant to this transaction.

13. At all times relevant to this transaction, Mr. Rea is and was a "**Person**" as defined by the RESPA at 12 U.S.C. § 2602(5).

14. At all relevant times, Defendant was and is a "**Person**" within the meaning of the RESPA, 12 U.S.C. § 2602(5).

15. At all relevant times, Defendant is and was a loan "**Servicer**" of Mr. Rea's "**Federally Related Mortgage Loan**" within the meaning of those terms as defined by the RESPA respectively at 12 U.S.C. § 2605(i)(2) and 2602(1).

16. At all relevant times, Defendant was engaged in "**Servicing**" within the meaning of the RESPA, 12 U.S.C. § 2605(i)(3).

17. Defendant is and was subject to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, et seq. ("FDCPA") at all times relevant to this transaction.

18. At all times relevant to this transaction, Mr. Rea was a "**Consumer**" as defined by the FDCPA at 15 U.S.C. § 1692a(3).

19. Defendant is and was a "**Debt Collector**", as defined by 15 U.S.C. § 1692a(6), as it is regularly engaged in collecting on the account of another, it treated the Mortgage Loan as if it were in default at all times relevant to this Amended Complaint, and is not exempted under the FDCPA, at all times relevant to this transaction.

20. The Mortgage Loan is and was a "**Debt**", as defined by 15 U.S.C. § 1692a(5) at all times relevant to this transaction.

21. Defendant is and was a "**Nonbank Mortgage Lender**" under the meaning of Ohio Rev. Code Ann. § 1345.01(K) at all times relevant to this transaction.

22. Mr. Rea is and was a "**Person**" under the meaning of Ohio Rev. Code Ann. § 1345.01(B) at all times relevant to this transaction.

23. Mr. Rea is and was a "**Consumer**" under the meaning of Ohio Rev. Code Ann. § 1345.01(D) at all times relevant to this transaction.

24. The Transfer and servicing of the Mortgage Loan is and was a "**Consumer Transaction**" under the meaning of Ohio Rev. Code Ann. § 1345.01(A) at all times relevant to this transaction.

**V. GENERAL ALLEGATIONS**

25. Mr. Rea incorporates all other paragraphs in this Amended Complaint by reference as though fully written here.

26. Each action or inaction alleged herein against Defendant is also an allegation of action or inaction by Defendant's agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

27. On or about January 26, 2016, Mr. Rea financed the residential real property located at 4877 Elmont Place, Groveport, Ohio 43215 with a Note secured by a Mortgage (collectively the "Mortgage Loan") with Homeside Financial, LLC as the original lender and Statebridge Company, LLC ("Statebridge") as the original servicer.

28. On or about September 28, 2017, Defendant sent Mr. Rea a notice of servicing transfer improperly stating that servicing would be transferred from Statebridge to Defendant on October 1, 2017. Exhibit A.

29. Defendant's notice further stated that after the transfer of servicing was effective, Mr. Rea's total monthly mortgage would be $1,467.87.

30. On or about October 2, 2017, Mr. Rea called Statebridge and asked about the servicing transfer. Statebridge informed Mr. Rea that no servicing transfer had occurred and that Mr. Rea should continue making payments to Statebridge.

31. On October 11, 2017, Mr. Rea sent in a full mortgage payment in the amount of $1,476.70 to Statebridge in reliance on its representation that he was to continue paying Statebridge. Exhibit B.

32. On or about October 25, 2017, Mr. Rea received a Notice of Assignment, Sale, and Transfer of Servicing Rights ("Notice") from Statebridge, stating that the servicing of the loan was being transferred to Defendant effective November 10, 2017. Exhibit C.

33. The Notice stated that all payments due under the loan on or after November 10, 2017 were to be sent to Defendant. Exhibit C.

34. On or around November 6, 2017, Defendant sent Mr. Rea an annual escrow account disclosure statement ("Escrow Statement") stating that Mr. Rea's new mortgage payments would be $1,966.77, due to an unexplained prorated escrow shortage. Exhibit D.

35. This amount was improper as Statebridge had provided Mr. Rea with an annual escrow account disclosure statement on or around August 10, 2017, showing a surplus escrow balance and a mere $4 increase in escrow payments for the next year. Exhibit E.

36. On November 7, 2017, Mr. Rea made his final full mortgage payment in the amount of $1,476.70 to Statebridge prior to the servicing transfer. Exhibit B.

37. On or around November 10, 2017, the Mortgage Loan was transferred to Defendant. (the "Transfer").

38. Defendant began treating the Mortgage Loan as if it were in default from the instant the Mortgage Loan was transferred to it and has not ceased doing so as of the date of this Amended Complaint.

39. On or around November 16, 2017, Defendant sent Mr. Rea a mortgage statement improperly stating that the Mortgage Loan was $2,935.74 past due.

40. On or around November 17, 2017, Defendant sent Mr. Rea a letter and notice of default improperly stating that the Mortgage Loan was $2,935.74 past due for failing to make the monthly payments due 10/01/17 – 11/17/17. Exhibit F.

41. Via numerous phone calls, Mr. Rea explained to Defendant that he had made the payments for October 2017 and November 2017.

42. On or around December 5, 2017, Defendant sent Mr. Rea an improper notice stating that Mr. Rea's mortgage was 60 days or more past due.

43. On or around December 18, 2017, Defendant sent Mr. Rea another letter stating that his Mortgage Loan was again $2,935.74 past due for failing to make the monthly payments due 11/01/17 – 12/18/17. Exhibit G.

44. Mr. Rea's Mortgage Loan was not past due; Defendant misapplied Mr. Rea's December payment and treated it as Mr. Rea's October payment as Defendant had still not corrected Mr. Rea's account.

45. This pattern continued for the next several months as Defendant continued to misapply Mr. Rea's payments.

46. On or around February 21, 2018, Mr. Rea sent Defendant a Notice of Error, Qualified Written Request, and Request for Information ("Notice of Error"). Exhibit H.

47. On or around February 27, 2018, Defendant acknowledged receipt of the Notice of Error.

48. After receipt of the Notice of Error, Defendant failed to protect Mr. Rea's credit rating and continued negatively reporting on his credit.

49. On or around March 3, 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

50. On or around March 12, 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

51. On or around March 20, 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

52. On or around April 9, 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

53. On or around April 10, 2018, Defendant requested an additional 15 days to answer Mr. Rea's Notice of Error.

54. On or around April 17, 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

55. On or around April 24, 2018, Defendant requested an additional 15 days to answer Mr. Rea's Notice of Error.

56. On or around May 8, 2018, Defendant requested an additional 15 days to answer Mr. Rea's Notice of Error.

57. On or around June 5, 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

58. On or around June 6, 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

59. On or around June 18 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

60. On or around July 5, 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

61. On or around July 18, 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

62. On or around August 17, 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

63. On or around September 4, 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

64. On or around October 5, 2018, Defendant sent Mr. Rea a notice that Mr. Rea's mortgage was past due.

65. On or around November 1, 2018, Defendant left a notice of default on Mr. Rea's door.

66. As of the date of this Amended Complaint, Defendant has not answered Mr. Rea's Notice of Error.

67. Defendant has repeatedly called Mr. Rea to attempt to collect the alleged past due Mortgage Loan amount between November of 2017 and present.

68. On or around November 8, 2018, during a phone call initiated by Defendant, Mr. Rea informed Defendant that he retained legal counsel and that he did not want Defendant to contact him anymore.

69. Defendant called Mr. Rea and left a voicemail improperly representing that he was in default on or around November 16, 2018.

70. Defendant called Mr. Rea on or around November 19, 2018.

71. Defendant called Mr. Rea on or around November 20, 2018.

72. Defendant called Mr. Rea and left a voicemail improperly representing that he was in default on or around November 21, 2018.

73. Defendant called Mr. Rea twice and left a voicemail improperly representing that he was in default on or around November 26, 2018.

74. On or around November 26, 2018, Mr. Rea's counsel sent Defendant a letter via certified mail, pursuant to the Fair Debt Collection Practices Act, directing Defendant to cease all communications with Mr. Rea.

75. On or around December 1, 2018, Defendant received the letter from Mr. Rea's counsel directing Defendant to cease all communications with Mr. Rea.

76. Defendant called Mr. Rea twice on or around December 3, 2018.

77. Defendant called Mr. Rea twice on or around December 4, 2018.

78. Defendant called Mr. Rea twice on or around December 5, 2018.

79. Defendant called Mr. Rea on or around December 7, 2018.

80. Defendant called Mr. Rea twice on or around December 12, 2018.

81. As a result of Defendant's actions, Mr. Rea's damages include, but are not limited to: increased arrearages on loan, capitalized costs, loss of equity, improperly charged late fees, improperly charged escrow shortages, the costs and attorney fees associated with bringing this lawsuit, increased interest on principal, and an adverse credit-score rating.

82. As a result of Defendant's actions, Mr. Rea suffered severe emotional distress, including anxiety, stress, embarrassment, increased blood pressure, and sleepless nights.

**VI. COUNT ONE– RESPA**

83. Mr. Rea incorporates all other paragraphs in this Amended Complaint by reference as though fully written here.

84. Defendant is and was subject to the Real Estate Settlement Procedures Act, 12 U.S.C. 2601 et. seq., ("RESPA"), at all times relevant to this transaction.

85. At all times relevant to this transaction, Defendant is and was a "**Person**" as defined by the RESPA at 12 U.S.C. § 2602(5).

86. At all times relevant to this transaction, Mr. Rea is and was a "**Person**" as defined by the RESPA at 12 U.S.C. § 2602(5).

87. At all times relevant to this transaction, Defendant is and was a "**Servicer**" as defined by Regulation X ("Reg. X") at 12 C.F.R. § 1024.2.

88. The Mortgage Loan is a "**Federally Related Mortgage Loan**" as defined by the RESPA at 12 U.S.C. § 2602(1), and Reg. X at 12 C.F.R. § 1024.2.

89. The Qualified Written Request Mr. Rea sent to Defendant on or around February 21, 2018 is a "**Qualified Written Request**" as defined by Reg. X at 12 C.F.R. § 1024.31.

90. Defendant's following actions constitute violations of the RESPA, including but not limited to:

    a.   Failing to send Mr. Rea a proper Notice of Servicing Transfer in violation of 12 U.S.C. § 2605(c)(1);

    b.   Failing to send Mr. Rea a proper Notice of Servicing Transfer within 15 days of the servicing transfer in violation of 12 U.S.C. § 2605(c)(1);

    c.   Failing to respond to the Qualified Written Request within 30 days in violation of 12 U.S.C. § 2605(e)(2);

    d.   Failing to respond to or correct Mr. Rea's Account in response to the Notice of Error in violation of 12 C.F.R. § 1024.35(e);

e.   Failing to conduct a reasonable investigation in response to the Notice of Error in violation of 12 C.F.R. § 1024.35(e);

f.   Failing to provide protection of Mr. Rea's credit rating in violation of 12 U.S.C. § 2605(e)(3) while reviewing his Notice of Error and Qualified Written Request;

g.   Failing to respond to the Notice of Error and Qualified Written Request within 45 days in violation of 12 U.S.C. § 2605(e)(4);

h.   Continuing to extend its response time beyond the 45 day limit in violation of 12 U.S.C. § 2605(e)(4); and,

i.   Failing to provide valid reasons for the delay in responding to the Notice of Error and Qualified Written Request within 30 days in violation of 12 U.S.C. § 2605(e)(4);

j.   Failing to conduct a reasonable investigation and respond to Mr. Rea's Request for Information sent to Defendant on or around February 21, 2018 in violation of 12 C.F.R. §1024.36(d);

k.   Failing to conduct a reasonable investigation and respond to Mr. Rea's Request for Information sent to Defendant on or around February 21, 2018 in violation of 12 C.F.R. §1024.36(d); and,

l.   Failing to conduct a reasonable investigation and respond to Mr. Rea's Request for Information sent to Defendant on or around February 21, 2018 within 45 days in violation of 12 C.F.R. §1024.36(d)(2)(ii).

91. Mr. Rea has suffered emotional distress as a result of Defendant's actions.

92. Mr. Rea has experienced extreme stress, sleepless nights, loss of appetite, increased blood pressure, and nausea as a result of Defendant's actions.

93. As a result of Defendant's failure to correct Mr. Rea's Account, he was subject to ever increasing arrears, late fees, and interest, which improperly inflated the alleged amount owed on his account.

94. As a result of Defendant's actions, Mr. Rea was forced to incur the legal fees and expenses of initiating the present lawsuit.

95. Defendant is liable to Mr. Rea under this Count for each of its RESPA violations in an amount equal to or greater than: Mr. Rea's actual damages, statutory damages in the amount of $2,000, and costs and attorney fees pursuant to 12 U.S.C. § 2605(f)(1).

## VII.    COUNT TWO – FDCPA

96. Mr. Rea incorporates all other paragraphs in this Amended Complaint by reference as though fully written here.

97. Defendant's actions defined herein constitute violations of the FDCPA, 15 U.S.C. § 1692a, et seq. and it is liable to Mr. Rea for false, deceptive, or misleading representation in connection with the collection of the debt in violation of 15 U.S.C. § 1692e.

98. At all times relevant to this transaction, Mr. Rea is and was a "**Consumer**" as defined by the FDCPA at 15 U.S.C. § 1692a(3).

99. Defendant is and was a "**Debt Collector**", as defined by 15 U.S.C. § 1692a(6), as it is regularly engaged in collecting on the account of another, treated the Mortgage Loan as if it were in default at the time of the servicing transfer, and is not exempted under the FDCPA, at all times relevant to this transaction.

100. The Mortgage Loan is and was a "**Debt**", as defined by 15 U.S.C. § 1692a(5), at all times relevant to this transaction.

101. Defendant's following actions constitute violations of the FDCPA, including but not limited to:

   a. Falsely representing the legal status, character, or amount of the debt in violation of 15 U.S.C. § 1692e(2)(A);

   b. Using false and deceptive means to collect or attempt to collect this debt, in violation of 15 U.S.C. § 1692e(10);

   c. Attempting collection of amounts and fees not authorized by the mortgage, in violation of 15 U.S.C. § 1692f(1); and,

   d. Continuing to communicate with Mr. Rea directly after being put on notice that he was represented by counsel in violation of 15 U.S.C. 1692c(a)(2).

102. Defendant's actions make it liable to Mr. Rea for false, deceptive, or misleading representation in connection with the collection of the debt in violation of 15 U.S.C. § 1692e.

103. Mr. Rea has suffered emotional distress as a result of Defendant's actions.

104. Mr. Rea has experienced extreme stress, sleepless nights, loss of appetite, increased blood pressure, and nausea as a result of Defendant's actions.

105. As a result of Defendant's violations of the FDCPA, Mr. Rea's credit was damaged.

106. As a result of Defendant's actions, Mr. Rea was forced to incur the legal fees and expenses of initiating the present lawsuit.

107.    Defendant is liable to Mr. Rea under this Count for its FDCPA violations in an amount equal to or greater than: actual damages for each of its violations of the FDCPA, 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of $1,000, 15 U.S.C. § 1692k(a)(2)(A); and costs of this action and attorney fees, as provided under 15 U.S.C. § 1692k(a)(3).

## VIII.    COUNT THREE – CSPA FOR FDCPA AND RESPA VIOLATIONS

108.    Mr. Rea incorporates all other paragraphs in this Amended Complaint by reference as though fully written here.

109.    Defendant is liable under Ohio's CSPA for its RESPA and FDCPA violations as described in the General Allegations, Count One, and Count Two of this Amended Complaint.

110.    Defendant is and was subject to Ohio's Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, et seq. ("CSPA") at all times relevant to this transaction.

111.    Mr. Rea is and was a "**Person**" under the meaning of Ohio Rev. Code Ann. § 1345.01(B) at all times relevant to this transaction.

112.    Mr. Rea is and was a "**Consumer**" under the meaning of Ohio Rev. Code Ann. § 1345.01(D) at all times relevant to this transaction.

113.    The Mortgage Loan and the Transfer and Servicing of the Mortgage Loan is and was a "**Consumer Transaction**" under the meaning of Ohio Rev. Code Ann. § 1345.01(A) at all times relevant to this transaction.

114.    Defendant is and was a "**Nonbank Mortgage Lender**" under the meaning of Ohio Rev. Code Ann. § 1345.01(K) at all times relevant to this transaction.

115. Defendant's actions described in Count One and General Allegations of this Amended Complaint pertaining to its RESPA actions are each an unfair or deceptive act or practice in violation of at Ohio Rev. Code Ann. § 1345.02.

116. Defendant's actions described in Count One and General Allegations of this Amended Complaint pertaining to its RESPA actions are each an unconscionable consumer sales acts or practices in violation of Ohio Rev. Code Ann. § 1345.03.

117. Defendant's violations of the RESPA are violations of Ohio Rev. Code Ann. § 1345.02, including but not limited to:

    a. Knowingly failing to provide disclosures required under state and federal law, including failing to disclose or provide a response to Mr. Rea's February 21, 2018 Notice of Error, Qualified Written Request, and Request for Information under Ohio Rev. Code Ann. § 1345.02(F)(1).

    b. Knowingly providing a disclosure that includes a material misrepresentation, including Defendant's many mortgage statements listing an improper amount due, and its default letters. Ohio Rev. Code Ann. § 1345.02(F)(2).

118. Falsely representing the legal status, character, or amount of a debt, and attempting the collection of amounts and fees not authorized by the mortgage have been found by Courts of Ohio to violate the CSPA.

119. That decision was made available for public inspection under Ohio Rev. Code Ann. § 1345.05(A)(3) prior to this consumer transaction. *Becker v. Montgomery Lynch*, PIF 10002153 (April 30, 2003) (http://www.opif.ag.state.oh.us/opifimages/PIF2153.pdf).

120.    Defendant's actions described in Count Two and General Allegations of this Amended Complaint pertaining to its FDCPA actions are each an unfair or deceptive act or practice in violation of at Ohio Rev. Code Ann. § 1345.02.

121.    Defendant's actions described in Count Two and General Allegations of this Amended Complaint pertaining to its FDCPA actions are each an unconscionable consumer sales acts or practices in violation of Ohio Rev. Code Ann. § 1345.03.

122.  Defendant's violations of the FDCPA are violations of Ohio Rev. Code Ann. § 1345.02, including but not limited to:

    a.  Falsely representing the legal status, character, or amount of the alleged debt of the Mortgage Loan in violation of 15 U.S.C. § 1692e(2)(A);

    b.  Threatening to take action that cannot legally be taken in violation of 15 U.S.C. § 1692e(5);

    c.  Communicating and or threatening to communicate credit information Defendant knew or should have known to be false, including but not limited to failing to communicate that the debt was disputed in violation of 15 U.S.C. § 1692e(8);

    d.  The use of false and deceptive means to collect or attempt to collect on the alleged debt of the Mortgage Loan; and,

    e.  Attempting collection of amounts and fees not authorized by the Mortgage Loan, in violation of 15 U.S.C. § 1692f(1).

123.    Defendant's violations of the FDCPA are violations of Ohio Rev. Code Ann. § 1345.03, including but not limited to:

    a.   Continuing to attempt to improperly collect on a false debt created by its own mistake during the transfer of servicing, after Defendant was repeatedly put on notice of its mistake; and,

    b.   Communicating or attempting to communicate directly with Mr. Rea in an attempt to improperly collect on a false debt

124.    Defendant is liable to Mr. Rea under this Count for each of its FDCPA and RESPA violations in an amount equal to or greater than: three times the amount of Mr. Rea's actual damages or $200 whichever is greater; up to $5,000 in non-economic damages pursuant to Ohio Rev. Code Ann. § 1345.09(B); and attorney fees and costs pursuant to Ohio Rev. Code Ann. § 1345.09(F) for each violation of the CSPA.

## IX. PRAYER FOR RELIEF

**WHEREFORE**, Mr. Rea respectfully prays that this Court:

I.    Assume jurisdiction of this case;

II.    Award Mr. Rea maximum damages under each Count, including the maximum statutory damages available, the maximum economic and non-economic damages available, including actual, emotional, general, punitive, and other damages;

III.    Award Mr. Rea actual damages to be established at trial under Count One of the Amended Complaint including pursuant to 12 U.S.C. § 2605(f);

IV.    Award Mr. Rea statutory damages in the amount of up to $1,000 under Count Two of the Amended Complaint pursuant to 15 U.S.C. § 1692k(a)(2)(A);

V.      Award Mr. Rea statutory damages in the amount of at least $2,000, plus

attorney fees, and costs of the action, under Count One of the Amended

Complaint including pursuant to 12 U.S.C. § 2605(f)(2);

VI.     Award Mr. Rea three times the amount of his actual damages under Counts

One , Two, and Three or $200, whichever is greater, and $5,000 in non-

economic damages pursuant to Ohio Rev. Code Ann. § 1345.09(B), and

attorney fees and costs, pursuant to Ohio Rev. Code Ann. § 1345.09(F) for

each violation of the CSPA.

VII.    Award Mr. Rea additional damages and costs;

VIII.   Award such other relief as the court deems appropriate.


Dated this 12th day of March, 2019.


Respectfully Submitted,
DOUCET & ASSOCIATES CO., L.P.A.


*/s/Brian A. Brown*
Brian A. Brown (0096733)
*Attorney for Mr. Rea*
700 Stonehenge Parkway, Suite 2B
Dublin, OH  43017
(614) 944-5219 PH
(818) 638-5548 FAX
brian@doucet.law


## JURY TRIAL DEMANDED

Mr. Rea respectfully requests a jury trial on all triable issues.


*/s/ Brian A. Brown*
Brian A. Brown (0096733)